# Drexel *against* Man.

On a writ of error the Supreme Court inquires judicially only into points raised by the record.

If by the transcript of a magistrate's judgment, filed in the Court of Common Pleas, it appears that execution was issued and returned " no goods and defendant not found," it is sufficient to warrant a *fieri facias*, without filing a certificate.

A grantor is not entitled to mesne profits after conveyance, and therefore there is no objection on that ground to his competency as a witness for the plaintiff, his grantee.

Where the ground of objection to a witness's competency is assigned in the bill of exception, no other can be taken on the argument in error.

It is not error for the court to charge, where a notice was given at a sheriff's sale, that if only one notice was given, and that was given by another person without the knowledge, direction or interference of the plaintiff's grantor (who was the purchaser), he could not be affected by it.

THIS was a writ of error to the District Court for the city and county of *Philadelphia,* in which an ejectment was brought by Daniel Man, Jr., against Francis M. Drexel, to recover a lot of ground in the district of Kensington, and 40 two story houses erected thereon, and a verdict and judgment rendered for the plaintiff.

The plaintiff claimed this property by virtue of a sheriff's sale and deed to Daniel Man, Sr., as the property of Dr Dyott, and a conveyance from Daniel Man, Sr., to the plaintiff, on the 2d February 1843. The defendant impeached this sheriff's sale on various grounds, which it is unnecessary to state, as they were not brought up by the bills of exception, or decided on by the court. All that was brought up by the record, and relied upon by the plaintiff in error on the argument, was as follows :

[Drexel v. Man.]

The plaintiff gave in evidence the exemplification of the record of the Common Pleas of Philadelphia county, in the case of *Brooks* v. *Dyott*, a transcript of which was filed in that court, by which it appeared that Wm. L. Brooks obtained judgment against T. W. Dyott, on the 1st June 1837 before a magistrate, for $15.38 and costs. It then went on to state "execution issued 22d October 1838. Tonkin Const. Exec. ret. 'No goods and deft. not found.'" The docket of the Common Pleas (the judgment being there marked to the use of H. B. Pennock) stated "*fi. fa.* to Dec. '38, November 23d 1838." The plaintiff then offered in evidence a deed from the sheriff to Daniel Man, for the premises, reciting a sale under the judgment and execution. To this the defendant objected, 1. That the exemplification showed that the proceedings were irregular and illegal, viz: in this; the summons was issued October 2d 1839, returnable October 8, on which day judgment was entered, and October 22d *fieri facias* and *capias ad satisfac.* were issued, to which the returns were "no goods and defendant not found." 2. That when the execution issued from the Common Pleas, no certificate, as required by the 10th section of the act of 20th March 1810, was produced. The court overruled the objections and the defendant excepted.

The defendant gave in evidence a paper read by the sheriff at the sheriff's sale, handed to him by Mr. Pennock, stating that the property was sold subject to a mortgage of $8000, dated Sept. 5th 1828 and interest, and another of $8000, dated August 6th 1830 with interest, which the defendant contended was a misrepresentation, and calculated to deceive purchasers, as there was much less interest then due, and that Daniel Man, Sr. was a party to the giving of this notice.

The plaintiff in reply called Daniel Man, Sr. The defendant objected to him as a witness, on the ground of his being interested in this, viz: that he was entitled to the mesne profits for one day, between February 2d and February 3d 1843. The plaintiff produced a release to himself from the witness. The defendant again objected, but the court admitted the witness and sealed an exception.

The whole of the charge contained in the record was as follows:

"And thereupon the learned judge, amongst other things, charged the jury as follows: 'That if they should find that but one notice was given at the sheriff's sale, and that this was given by Mr. Pennock, without the knowledge, direction or interference of Captain Man, Man would not be affected by it.'"

To this charge the defendant excepted.

*St George Campbell* and *Jack*, for the plaintiff in error.
*Randall* and *Dallas*, contra.

[Drexel v. Man.]

The opinion of the Court was delivered by

Sergeant, J.—As this court does not, upon a writ of error, sit to try the merits of the case, but merely those points which are raised by the record, a great part of the argument in this case has been wasted on matters concerning which this court cannot judicially enquire, because they do not appear upon the record. To these alone can our attention be directed, and if there are others that are really material to the party, they ought to have been made to appear in such a shape that we could regularly take notice of them.

All the errors assigned have been waived except three; the two first appear in the bills of exception, and the last is to the charge of the court.

1. The first of these errors is in the admission of the record in the case of *Brooks* v. *Dyott.* It was upon this judgment that the sheriff's sale of the premises took place, under which the plaintiff holds his title. The objection made to this record is that the *fieri facias* was void, because it was issued on a judgment recovered by Brooks before a magistrate, the transcript of which was filed in the office of the Prothonotary of the Court of Common Pleas, and no certificate of the magistrate was filed, such as the Act of Assembly requires, namely: that an execution had been issued by the magistrate to which there had been a return of *nulla bona.* But we think there is no weight in this objection, for all that is required by the Act of Assembly does appear in the transcript certified and filed. It is there stated, that execution issued on the 22d October 1838 and was returned " no goods and defendant not found." Where the judgment alone is first filed, it will be necessary to give another certificate that the magistrate subsequently issued execution; but where that is done before the transcript filed, and so appears in the transcript, it is in substance the same thing, and this we believe is the usual practice.

2. The 2d error is in admitting Daniel Man as a witness. He was the purchaser at sheriff's sale, and obtained possession, but was turned out of it by the present defendant (after a recovery in ejectment) by a *habere facias possessionem*, in January 1843. On the 2d February 1843, Daniel Man, Sr. conveyed the premises in fee to the present plaintiff Daniel Man, Jr. When Daniel Man, Sr. was offered as a witness for the plaintiff, the defendant objected to him on the ground that he was entitled to the mesne profits for one day, viz: between the 2d and the 3d February 1843. There must have been some misconception or mistake in the defendant, in the statement of this objection; for it is plain he could not have any interest in the mesne profits on the day specified, having conveyed away all his estate in the houses. Other reasons have been given here, and much argument on the rights of Daniel Man, Sr. to the mesne profits, from the time that intervened between his dispossession by the sheriff, and his conveyance to his

VI. — 44

[Drexel v. Man.]

son, but we think that the plaintiff in error is not at liberty to travel beyond the reason assigned and appearing on the record. He chose to confine himself to that, and he must be bound by it. It would be unfair to reverse the decision of the court below, for objections that, for aught we know, were never made, and which, if they had been made, the other side might have obviated, or have waived the evidence. On them, therefore, we give no opinion. We can only notice the one relied on, and that we think untenable.

3. A point has been much insisted on here, which is liable to the same remark: that Daniel Man, Sr. was guilty of fraud at the sheriff's sale under which he purchased, in relation to a certain notice promulgated at the sale by Mr Pennock. The purport of this notice was, that the sale was made subject to a mortgage of $8000, dated September 5th 1828, and interest, and another of $8000, dated August 6th 1830, with interest. Whereas the plaintiff in error alleges that a considerable portion of this interest had been paid off, and that the mortgage debts were therefore much less than by this notice they appeared to be. All that we find on the record is, that the court, among other things, charged the jury that if they should find but one notice was given at the sheriff's sale, and that this was given by Mr. Pennock, without the knowledge, direction or interference of Capt. Man, Man could not be affected by it. In this we see no error. Whether the notice if given by Daniel Man, would make him guilty of such fraud as would render void the sale—what particular conduct or act of his own, or another, would make him a participator in it, are questions not raised here; and whether they were put by the plaintiff in error on the trial, and answered by the court, we cannot tell, and cannot therefore notice them. On the whole record we perceive no error, and are of opinion that the judgment be affirmed.

Judgment affirmed.