HORACE O. WHITTEMORE *vs.* GEORGE W. WARE, JR.

A defendant in an action for libel, who explicitly concedes, in his answer, that a charge of fraud, in the alleged libellous publication, applied to the plaintiff, cannot, at the trial, take advantage of a defect in the declaration in omitting to sufficiently allege such application.

TORT for libel, with two counts for the same cause of action, the first count alleging " that the defendant publicly, falsely and maliciously accused the plaintiff of gross fraud in the matter of a fraudulent transaction with one Samuel Tompson with reference to an estate on Marshall Street in Somerville, by writing a false and scandalous libel of and concerning the plaintiff in words substantially as follows, to wit : ' 11 Court Street. March

**11, 1867.** Samuel Tompson Esq. I am instructed by my client to bring a bill in equity *vs.* you *et al.* for gross fraud in the matter of your fraudulent transactions with Whittemore [meaning H. O. Whittemore, the plaintiff,] in reference to the estate on Marshall Street in Somerville. I also propose to ask the court to have your name stricken from the roll of lawyers practising at the state bar, for this and other matters, to wit, the affair of infancy before Judge Lord where J. B. Goodrich appeared in behalf of injured parties. If you have anything to say why you should not be classed with Whittemore *et al.* in this affair, you have an opportunity to explain yourself. George W. Ware, Jr.;'" and the second count alleging that the defendant on March 11, 1867, "did publicly, falsely and maliciously accuse the plaintiff of committing a 'gross fraud' in the matter of his fraudulent transactions with one Samuel Tompson in reference to the estate on Marshall Street in Somerville, and the said defendant, with malicious contrivance and intention aforesaid, did falsely and maliciously write and publish of and concerning the plaintiff to one Samuel Tompson these other false, scandalous and defamatory words following, to wit," and then setting forth the same letter with an innuendo as in the first count, and a like innuendo after the words "Whittemore *et al.*" in the last clause of the letter.

The answer alleged that the defendant was an attorney at law duly admitted to practise in any court of this state, was employed as such to collect a debt due to the firm of Haley, Morse & Boyden from Aaron K. Hill; sued the debt, recovered judgment, and caused to be attached and sold on execution Hill's equity of redemption of a parcel of real estate on Marshall Street in Somerville, mortgaged by a power of sale mortgage from Hill to Ira Rand; that Haley bid in the real estate at the sale, which occurred on June 9, 1866, and employed the defendant to redeem it from the mortgage, and the defendant, with the knowledge of the plaintiff, and of Samuel Tompson, (the same to whom was addressed the alleged libellous letter,) made ineffectual efforts to find Rand; "that afterwards the plaintiff, confederating with Hill and Tompson to defeat the attempt of his

clients to collect their debt, and to prevent them and Haley from deriving any benefit from the sale of the equity of redemption, as the defendant and said Haley verily believe from the information they had obtained, and as the defendant affirms the fact to be, caused an assignment of the mortgage to be made by the executor of Rand's will to Tompson on October 24, 1866, and thereafterwards such further proceedings to be had, without the knowledge of the defendant or of his clients, and with the intent and purpose aforesaid, that the estate was sold, under the power of sale in the mortgage deed, on November 14, 1866, to William Emery of Lebanon, Maine, for $1675, being the amount due on the mortgage, with costs of sale ; that Emery was not present at the sale, took no part in it, was a mere tool and instrument in the hands of Tompson, and did not pay any part of the $1675; that on January 9, 1867, a deed of the real estate was executed by Emery to Moses E. Hawes for $3000; that the excess of $3000 above $1675 was not received by Emery, but by said Tompson, Whittemore and others ; that on consultation with his clients the defendant suggested that redress might possibly be obtained by a bill in equity, and under these circumstances, all of which, so far as they are material, were well known by the plaintiff, he wrote the said letter to Tompson ; that Tompson and the plaintiff well knew to what the letter alluded ; and that the words in the letter, with the meaning intended by the defendant and well understood by the plaintiff and Tompson, were not libellous or actionable."

At the trial in the superior court, before *Devens*, J., it was admitted that the defendant was an attorney at law, as alleged in his answer; the judge ruled " that the pleadings did not set forth a substantial cause of action, and also that the letter described and set forth in the declaration was not in itself a libel upon the plaintiff;" under this ruling a verdict was taken for the defendant; and the plaintiff alleged exceptions.

*A. R. Brown & E. A. Alger*, for the plaintiff.

*J. S. Abbott*, for the defendant.

WELLS, J. If this case had been presented upon a demurrer to the declaration, we should have had great doubts whether a

legal cause of action is sufficiently set forth. The only fraud charged in the letter directly is the fraud of Tompson. That it was "in the matter of your (Tompson's) fraudulent transactions with Whittemore" does not imply that Whittemore committed fraud. The character of the transaction "in reference to the estate on Marshall Street" is not set forth, nor Whittemore's connection with it. It is not made to appear that the threatened suit against Tompson "*et al.*" meant a suit against Tompson and Whittemore. The meaning of the last sentence, "If you have anything to say why you should not be classed with Whittemore *et al.* in this affair," &c., is rendered ambiguous by an intervening sentence referring to another matter than the fraud first alluded to. As the letter does not contain a direct charge of fraud upon Whittemore, the declaration seems to be deficient in not setting out such explanatory facts as would show that the charge of fraud, which it makes, applies to Whittemore as well as to Tompson.

But this deficiency, which is not of substantial allegation but of mere *colloquium,* is supplied by the answer, which sets out those facts in order to found upon them the defence of privilege, and explicitly concedes that the charge in the letter, as well as the proposed suit, was against Whittemore and Tompson jointly. Upon the trial of the issue so made up by the pleadings, the defendant cannot avail himself of the original defect in the declaration. *Vinal* v. *Richardson*, 13 Allen, 521. The ruling of the court below at this stage of the case, was therefore wrong. *Exceptions sustained*