WILLIAM WALL v. JEREMIAH D. TOOMEY.

In an action for the malicious prosecution of a civil suit, want of probable cause is an essential fact to be alleged and proved.

But under the Practice Act, which requires only a statement of the facts in narrative form, if proof of the facts alleged would necessarily establish want of probable cause, it is sufficient.

It is also necessary that it should appear that the vexatious suit has been terminated. But where that fact is not alleged in the complaint, it is enough if it is supplied by the pleadings of the defendant.

This rule, known to the common law as that of express aider, is in furtherance of simplicity of practice and may be applied under the Practice Act.

If the suit was terminated by the defendant's own act, it is enough, even though no judgment was rendered.

But such a defect is cured by verdict.

The operation of verdicts in curing defects not demurred to, ought to be extended rather than restricted.

Whether, under the Practice Act, secs. 1, 2, such defects ought not in all cases to be taken advantage of, if at all, by demurrer: *Quære.*

[Argued March 19th—decided April 5th, 1884.]

ACTION for the malicious prosecution of a civil suit; brought to the Court of Common Pleas, and tried to the jury before *Hall, J.* Verdict for the plaintiff and motion in arrest of judgment for the insufficiency of the complaint. Motion overruled and judgment rendered for the plaintiff. Appeal by the defendant. The case is sufficiently stated in the opinion.

*S. B. Sumner,* for the appellant.

*D. F. Hollister* and *B. Keating,* for the appellee.

LOOMIS, J. This is a complaint for the malicious prose-
cution of a civil suit in favor of a third party against the
plaintiff and defendant jointly, but for the sole debt of the
defendant, and upon which the property of the plaintiff was
attached. The jury found the issues for the plaintiff, and
after verdict the defendant moved in arrest for the insuf-
ficiency of the complaint. The claimed defects in the
complaint are two:—first, in omitting to allege the want of
probable cause for bringing the suit which caused the in-
jury, and second, in omitting the allegation that the origi-
nal suit was terminated in the plaintiff's favor.

1. Want of probable cause is an essential fact to be
alleged and proved; but these precise words need not be
used. Under the Practice Act, (sections first and ninth),
all that is required is the statement of the facts in plain
language and in narrative form. If proof of the facts
alleged would necessarily establish want of probable cause,
it is sufficient. The complaint, we think, will stand this
test. The legal idea of probable cause is a *bonâ fide* belief
in the existence of the facts essential under the law for the
action and such as would warrant a man of ordinary cau-
tion, prudence and judgment, under the circumstances, in
entertaining it.

Now it seems to us that all the legal elements of probable
cause are strongly negated by the facts set forth in the
complaint. We find these facts:—The draft in the original
suit was made at the request of the defendant and mali-
ciously and fraudulently accepted by him in the partner-
ship name, without the plaintiff's knowledge or consent,
with the design to charge the plaintiff alone with its pay-
ment; it was not for the benefit of the plaintiff or the firm
of which he had been a member, but solely for the benefit
of the defendant. Then follow these allegations, which we
give in the words of the complaint:—" On or about the
20th day of July, 1881, said bill of exchange being still
unpaid, said Toomey, by false and malicious representations
to said H. Webster & Co., and to Charles W. Lawrence,
one of said firm of H. Webster & Co., that the plaintiff,

by the terms of settlement with him on their dissolution, assumed and promised to pay said bill of exchange to said H. Webster & Co., induced said H. Webster & Co. to bring suit against said Jeremiah D. Toomey and the plaintiff, late partners in trade under the firm name of Toomey & Wall, and to attach the individual property of the plaintiff therefor. Said representations by said Toomey, that the plaintiff was liable, either originally, or by the terms of the dissolution of said partnership of Toomey & Wall, for the payment of said bill of exchange, were utterly false, and said Toomey at the time he made them well knew them to be false. Said H. Webster & Co, on the 23d day of July, 1881, brought said suit, and by special direction of said Toomey attached the property and business and stock in trade of the plaintiff; and by reason of said suit and said attachment the plaintiff was put to considerable expense in defending said suit, and suffered great damage by reason of said attachment."

If all this was true, (and it is admitted for the purposes of this discussion,) no other conclusion seems possible than that the defendant had perfect knowledge of the actual facts: that his statements concerning them were consciously and glaringly false; and that malice of the most deliberate and premeditated character on his part induced the bringing of the suit, and even created its subject matter. It would be very difficult to conceive any state of facts that would more effectively negative the possibility of probable cause.

2. As to the omission to allege in the complaint the termination of the original suit, the defect is conceded, but is sought to be avoided in two ways. In the first place, the plaintiff invokes the benefit of what Mr. Chitty, in his Treatise on Pleading, calls "express aider;" that is, an omission to state a material fact either in the declaration or special plea may be supplied by the pleading of the opposite party. The following cases sustain and illustrate this doctrine: *Vinal* v. *Richardson*, 13 Allen, 521, 525; *Slack* v. *Lyon*, 9 Pick., 62; *Whittemore* v. *Ware*, 101 Mass., 352;

*Erwin* v. *Shaffer*, 9 Ohio St., 43; *White* v. *Joy*, 13 New York, 83.

At first blush it may seem that we apply under the Practice Act a technical rule of the common law which the new procedure repudiates. But this is not correct. There is nothing technical or artificial in this doctrine of express aider. On the contrary, it rests on principles of justice peculiarly appropriate to the theory of the new practice. *Erwin* v. *Shaffer*, (*supra*.) The principle upon which the doctrine rests is well stated by PARKER, J., in *Slack* v. *Lyon*, (*supra*,) p. 65, as follows:—"When the defendant chooses to understand the plaintiff's count to contain all the facts essential to his liability, and, in his plea, sets out and answers those which have been omitted in the count, so that the parties go to trial upon a full knowledge of the charge, and the record contains enough to show the court that all the material facts were in issue, the defendant shall not tread back and trip up the heels of the plaintiff on a defect which he would seem thus purposely to have omitted to notice in the outset of the controversy."

Upon referring to the answer in the case at bar we find it alleged in substance that the defendant himself settled the original suit with Webster & Co., and paid them in full with interest and costs. This was a sufficient termination of the suit. A judgment of the court was not necessary for this purpose. If a suit is ended by the defendant's own act, it surely ought to be effectual under the circumstances of this case. In *Cardival* v. *Smith*, 109 Mass., 158, it was held that in a civil action the failure of a plaintiff to enter in court the writ upon which he caused the arrest, is such a final determination of the case as to enable the defendant to bring suit for malicious prosecution. The act of the present defendant in settling the case would make the damages of the plaintiff less than would naturally follow the prosecution of the suit to final judgment, but it cannot atone for the damage already occasioned by attaching the plaintiff's property. The defendant in his answer sees fit to indicate the motive which induced him to settle the case

Wall *v.* Toomey.

himself; it was not, it seems, intended as a benefit to the plaintiff, but for the reason that Webster & Co., transcending his instructions, attached his property as well as the plaintiff's, and so, being caught in the snare set for the plaintiff, he had to settle the suit in full in order to extricate himself.

But there is another way to obviate the defect complained of. After verdict for the plaintiff it is too late to take advantage of it.

In 1 Swift's Digest, p. 806, (side p. 778,) we find the doctrine stated as follows :—" So in an action for a malicious prosecution, it is necessary to allege that the prosecution is at an end. The want of this averment is cured after verdict, but is fatal on demurrer or after judgment by default; for the original prosecution may either be determined, or it may be going on, and the court cannot say which is the fact; but where there is a verdict for the plaintiff, it is a necessary inference that it was proved on the trial that the prosecution was at an end."

The same doctrine is held in cases cited in Williams's Notes to the case of *Stennel* v. *Hogg*, 1 Saunders's Reports, p. 263. It was also so held in *Weinberger* v. *Shelly*, 6 Watts & Serg., 343, and in some other cases that might be cited.

Although this doctrine has been criticised by Mr. Chitty and some other jurists as not in full accord with the rule, that though the matter be not stated in terms, the pleading should always contain terms sufficiently general to comprehend it by fair and reasonable intendment, yet we are disposed to accept the doctrine as sanctioned by the authorities first cited, especially as it is in furtherance of the spirit of our Practice Act. It is indeed a matter of grave doubt whether the defendant should not have demurred to the complaint in order to take advantage of the defects alleged. The act in terms (secs. 1 and 2,) requires all defenses to be by answer or demurrer and all demurrers to be special. We leave this, however, as an open question, and make the reference in order to say that under an act like this the

operation of a verdict in curing defects not demurred to ought to be extended rather than restricted.

As to some other minor defects in the complaint that were commented upon during the argument, they are so manifestly cured by the verdict as to require no discussion.

There was no error in overruling the defendant's motion in arrest of judgment.

In this opinion the other judges concurred.