[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiffs, Bill's Service South of Stamford, Inc. and Bill's Service of Stamford, Inc.) both truck repair shops, seek the prejudgment remedy of attachment in the amount of $16,000 against real property belonging to the defendants, James and Barbara Inverno. In September 1989, the plaintiffs obtained judgments against Family Fuel Oil Co., Inc. (Family-Fuel), whose principal shareholders, directors and officers were the Invernos.[1] The plaintiffs seek to hold the individual defendants liable for the obligations of their corporation.
In December 1988, some ten months before the entry of the two judgments, the Invernos sold their company, Family Fuel, to Express Oil, Inc. The plaintiffs claim that this transfer was a bulk sale subject to Article 6 of our Uniform Commercial Code, General Statutes 42a-6-101 et CT Page 9473 seq., and also that the defendants are liable to them on the basis of the so-called "instrumentality" theory for the debts of Family Fuel.
The Invernos had been in the fuel oil delivery business, and it appears that the sale to Express Oil disposed of all the assets of Family Fuel, including customer lists and good will, thus bringing the transaction within the definition of a "bulk transfer" as contained in General Statutes 42a-6-102 (1).[2] It is undisputed that the transferor and the transferee, Family Fuel and Express Oil did not comply with the notice requirements of General Statutes 42a-6-105.
The attempt to pierce or disregard the corporate veil in order to hold the individual defendants personally liable is premised on the "instrumentality" rule. The plaintiffs have the burden of proving that the corporate veil should be pierced. Campisano v. Nardi, 212 Conn. 282, 292, 562 A.2d 1
(1989). In order to do so three elements must be proved: "(1) Control, not mere majority or complete stock control, but complete domination, not only of finances but of policy and business practice in respect to the transaction attacked so that the corporate entity as to this transaction had at the time no separate mind, will or existence of its own; (2) that such control must have been used by the defendant to commit fraud or wrong, to perpetrate the violation of a statutory or other positive legal duty, or a dishonest or unjust act in contravention of plaintiff's legal rights; and (3) that the aforesaid control and breach of duty must proximately cause the injury or unjust loss complained of." Id., 291.[3]
The criterion for granting a prejudgment remedy pursuant to General Statutes 52-278d(a), "probable cause to sustain the validity of the plaintiff's claim," has been discussed many times by our appellate courts. See also General Statutes 52-278e(a)(2) ("probable cause that judgment will be rendered in the matter in favor of the plaintiff").
In Bank of Boston Connecticut v. Schlesinger, 220 Conn. 152,156, 595 A.2d 872 (1991), the Supreme Court reiterated that ". . .the trial court's function is to determine whether there is probable cause to believe that a judgment will be rendered in favor of the plaintiff in a trial on the merits. . . . The hearing in probable cause for the issuance of a prejudgment remedy is not contemplated to be a full scale trial on the merits of the plaintiff's claim. The plaintiff does not have to establish that he will prevail, only that CT Page 9474 there is probable cause to sustain the validity of the claim. . . . The court's role in such a hearing is to determine probable success by weighing probabilities. . . . Moreover, this weighing process applies to both legal and factual issues." The landmark case of Wall v. Toomey, 52 Conn. 35,36 (1884), defines probable cause as: "a bona fide belief in the existence of the facts essential under the law for the action and such as would warrant a man of ordinary caution, prudence and judgment) under the circumstances, in entertaining it."[4]
Based on this definition of probable cause and the criteria for the imposition of the instrumentality rule I believe the plaintiffs are entitled to the prejudgment remedy of an attachment of the individual defendants' realty. The first element of complete control is certainly present as would be the case for most, if not all, of closely held family corporations. Secondly, according to. Campisano v. Nardi, supra, 292, the control was used to "perpetrate the violation of a statutory or other positive duty," viz., the giving of notice for a bulk sales transaction. Thirdly, the requirement of proximate cause is satisfied because there is probable cause to believe that had notice of the impending sale been received by the plaintiffs, they would have been in a position to ensure the collectibility of their claims against Family Fuel.
Accordingly, the plaintiffs' application for an attachment of the defendants' realty in the amount of $16,000 is granted and a separate order to that effect is attached.
William B. Lewis, Judge
ORDER FOR PREJUDGMENT REMEDY
WHEREAS the plaintiffs in the above entitled action have made application for a prejudgment remedy to attach the real property of the CT Page 9476 defendants, and
WHEREAS after due hearing at which the plaintiffs and defendants appeared and were fully heard, it is found that there is probable cause to sustain the validity of the plaintiffs' claim and that the application should be granted.
NOW THEREFORE, it is hereby ordered that the plaintiffs may attach to the value of SIXTEEN THOUSAND ($16,000.00) DOLLARS the following property of the defendants, James Inverno and Barbara Inverno, the property described below, to wit:
 All that certain tract of land, together with the buildings and improvements thereon, situated in the City of Stamford, County of Fairfield and State of Connecticut, known and designated as Tract A-3 on a certain map entitled "Map No. 1 of Land in Sawmill Road Area Prepared for Country Lands, Inc. and Empire Estates, Inc. A.D. Halliwell, President, Stamford, Conn.", which map is on file in the office of the Town Clerk of the said City of Stamford and therein numbered 6146, reference thereto being had.