[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff, Timothy Mantz d/b/a T. M. Mantz Construction, a general contractor, seeks the prejudgment remedy of attachment in the amount of $26,000 against real property in Fairfield belonging to the defendant, Charles Ambrosio.
In October 1991, the plaintiff and the defendant agreed that Timothy Mantz would construct a new home for the defendant at 30 Amante Drive in Easton. The plaintiff alleges that he commenced construction of defendant's home, but in May of 1992, his services were terminated without cause, and that he is owed $26,000, $15,000 for himself and $11,000 for two subcontractors he hired to work on defendant's home. The plaintiff also contends that the defendant made numerous changes to the plans, which increased the original cost estimate. The cost of the project was CT Page 11592 originally estimated at $341,000, and the plaintiff was to be paid 15% of this amount or $45,000.
The defendant claims that the projected cost of construction exceeded the original budget by approximately 150%, and that a good deal of the work performed by and under the supervision of the plaintiff was done in an unworkmanlike manner, which required the defendant to hire another person to remedy the defects. The defendant also claimed that the plaintiff spent most of his time at another job site and paid minimal attention to the defendant's home.
The criterion for granting a prejudgment remedy pursuant to General Statutes 52-278d(a), "probable cause to sustain the validity of the plaintiffs claim," has been discussed many times by our appellate courts. See also General Statutes 52-278e(a)(2) ("probable cause that judgment will be rendered in the matter in favor of the plaintiff").
In Bank of Boston Connecticut v. Schlesinger 220 Conn. 152 156,595 A.2d 872 (1991), the Supreme Court reiterated that ". . . the trial court's function is to determine whether there is probable cause to believe that a judgment will be rendered in favor of the plaintiff in a trial on the merits . . . The hearing in probable cause for the issuance of a prejudgment remedy is not contemplated to be a full scale trial on the merits of the plaintiff's claim. The plaintiff does not have to establish that he will prevail, only that there is probable cause to sustain the validity of the claim . . . The court's role in such a hearing is to determine probable success by weighing probabilities . . . Moreover, this weighing process applies to both legal and factual issues." The landmark case of Wall v. Toomey, 52 Conn. 35, 36 (1884), defines probable cause as: "a bona fide belief in the existence of the facts essential under the law for the action and such as would warrant a man of ordinary caution, prudence and judgment, under the circumstances, in entertaining it."[1]
Based on this definition of probable cause, I believe the plaintiff is not entitled to the prejudgment remedy of an attachment of the defendant's realty. The ultimate cost of construction far exceeded the budget, and there was evidence that some of the work was not performed in a workmanlike manner. of course, a full scale trial might result in a different decision, but in terms of a prejudgment remedy, the plaintiff has not shown probable cause to sustain the validity of his claim.
Accordingly, the plaintiff's application for an attachment of the defendant's realty is denied.
So Ordered. CT Page 11593
Dated at Bridgeport, Connecticut, this 23rd day of December, 1992.
William B. Lewis, Judge