[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff in this case seeks a prejudgment remedy to secure its claim against the defendant for money damages.
Reducing the fact pattern to its simplest term, the plaintiff and the defendant entered into a Builder/Dealer Agreement CT Page 1642 ("Agreement") wherein they agreed on certain terms to govern any future purchases by the plaintiff of the defendant's modular buildings. Suffice it to say that the plaintiff never fulfilled any of the conditions of the Agreement, never placed any purchase orders for homes to be delivered to the subject tract of land, did not purchase any units, and did not expect delivery thereof.
The circumstances under which a prejudgment remedy may be granted, after a hearing, are governed by Connecticut General Statutes § 52-278d(a)[1]
To establish probable cause under the statute, a plaintiff must show that there is probable cause that a judgment in the amount of the prejudgment remedy sought will be rendered in favor of the plaintiff.[2] The concept of probable cause involves abonafide belief in the existence of facts essential under the law for the action and such as would warrant a man of ordinary caution, prudence and judgment, under the circumstances, in entertaining it. New England Land Company, Ltd. v. DeMarkey,213 Conn. 612, 620, 569 A.2d 1098 (1990); Wall v. Toomey,52 Conn. 35, 36 (1884).
The evidence heard at the hearing does not instill in the court "a bonafide belief in the existence of facts essential under the law for the action . . ." New England Land Company Ltd. v.DeMarkey, supra, 213 Conn. 620.
The plaintiff's action seeks, in effect, the payment of a commission[3] on the purchase of homes ordered by another contractor. It is true that the modulars ordered from the defendant were for the same site and the same owner in connection with which the plaintiff was involved. Nevertheless, the plaintiff's claim in this lawsuit is against the defendant under an Agreement which was not fulfilled by the plaintiff nor breached by the defendant. The plaintiff's contracts and agreements with the owner of the site are irrelevant to the issues in this case.
For the foregoing reasons, the plaintiff's application for a prejudgment remedy is denied.
So Ordered.
Dated at Stamford, Connecticut, this 26th day of February, 1997. CT Page 1643
D'ANDREA, J.