[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The court heard evidence at the hearing on a motion by the defendant to discharge a mechanic's lien filed by the plaintiff. The plaintiff is a general contractor who performed work on property owned or controlled by the defendant, pursuant to a contract between the parties, and who claims a balance due of $5,952. The defendant claims that the plaintiff failed to complete the project in a timely manner, and that it was required to pay others for work not completed by the plaintiff, and that it was delayed in its ability to market and sell the project as planned. The defendant makes this motion pursuant to Connecticut General Statutes § 49-37 (b)(3).[1]
CT Page 2715
Connecticut General Statutes § 49-37(b)(5) governs the hearing in such a motion. The obligee (lienor) must first establish that there is probable cause to sustain the validity of the lien. If probable cause is established, the court may deny the motion only if clear and convincing proof of the invalidity of the lien is established. See C.G.S. § 49-37(b)(5).
It is axiomatic in our law that probable cause is not tantamount to proof by a preponderance of the evidence. The concept of probable cause involves a bona fide belief in the existence of facts essential under the law for the action and such as would warrant a man of ordinary caution, prudence and judgment, under the circumstances, in entertaining it. NewEngland Land Company, Ltd. v. DeMarkey, 213 Conn. 612, 620,569 A.2d 1098 (1990); Wall v. Toomey, 52 Conn. 35, 36 (1884).
In this case there are factual questions involving the date of execution of the contract, the contents of the contract itself, when and if extras and change orders were performed or made, when the contractor last performed work on the premises, whether the plaintiff's mechanic's lien rights were waived, and whether the defendant's failure to sell the project was directly due to any delay in its completion. These issues require a full and complete trial on the merits; they are not susceptible to resolution at a probable cause hearing.
The court has heard sufficient evidence to find probable cause to sustain the lien, and the defendant has not established ". . . by clear and convincing evidence, the invalidity of the lien. . ." . C.G.S. § 49-37(b)(5).
The defendant's motion to discharge the plaintiff's mechanic's lien is denied.
So Ordered.
Dated at Stamford, Connecticut, this third day of March, 1998.
D'ANDREA, J.