[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: APPLICATION FOR DISCHARGE OF MECHANIC'S LIEN
In an action to discharge a mechanic's lien under Section49-35b of the Connecticut General Statutes, the lienor (in this case, Connecticut Carpenter's Benefit Funds) bears the initial burden of establishing that there is probable cause to sustain the validity of its lien.
The first issue before the Court then is whether the Defendant lienor has established probable cause to sustain the validity of its lien. "The legal idea of probable cause is a bona fide belief in the existence of facts essential under the law for the action and such as would warrant a man of ordinary caution, prudence and judgment, under the circumstances, in entertaining it." Wall v. Toomey, 52 Conn. 35, 36 (1884); accord LedgebrookCondominium Assn., Inc. v. Lusk Corporation. 172 Conn. 577, 584
(1977)
Section 49-33(a) of the Connecticut General Statutes provides in pertinent part that a mechanics lien may be filed "If any person has a claim for more than ten dollars for materials furnished or services rendered in the construction, raising. removal or repairs of any building or any of its appurtenances or in the improvement of any lot . . ."
The lienor in the instant matter has failed to present any evidence to the Court that it furnished materials or rendered services in the "construction, raising, removal or repairs of any CT Page 9254 building or any of its appurtenances or in the improvement of any lot" as is required by Statute. The Court can point to no evidence upon which it could find that there is probable cause to sustain the validity of the challenged mechanics lien in this matter.
Accordingly, the mechanics lien is ordered discharged.
BY THE COURT
CARROLL, J.