[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiffs, Theodore A. Verspyck and Patricia J. Verspyck, have brought this action against the defendant, Marilyn Altsheler, claiming vexatious litigation.[1] The plaintiffs allege in the first count of their amended complaint dated September 27, 2000, that on July 13, 1978, they purchased property at 19 Valeview Road in Wilton from Richard A. Altsheler, trustee, by warranty deed, for $245,000;[2] that they resided there until July 1, 1997, when they sold their home to George and Altsheler, commenced a suit against them in the United States District Court in Connecticut, claiming that she was the rightful owner of 19 Valeview Road in her capacity as trustee and beneficiary of the trust created by her in-laws, Leonard and Eleanor Altsheler, in 1955; that the defendant's action in the federal court sought to quiet title in her name, and the defendant also claimed that the plaintiffs had been unjustly enriched and had engaged in wrongful conversion; that the suit was dismissed in September of 1997 by the district court for failure to state any valid claim, and the Circuit Court of Appeals subsequently affirmed the dismissal in July of 1998; that the suit in the federal court had been brought "without probable cause and with a malicious intent unjustly to vex and trouble" the plaintiffs; and that the plaintiffs had incurred legal expenses and "suffered embarrassment, humiliation, and anxiety."
In the second count, the plaintiffs allege the defendant commenced the federal action "without probable cause." The third and fourth counts do not pertain to this defendant and the fifth count of the amended complaint alleging slander of title was withdrawn in July of 2002.
The defendant's answer admitted the accuracy of the underlying facts in the complaint, but denied that she had brought the federal suit against the plaintiffs without probable cause or with malicious intent to vex the plaintiffs. In addition, the defendant filed two special defenses. In the first defense, the defendant alleges that in bringing the federal suit she relied in good faith on the opinions and advice of her counsel. The CT Page 16206 defendant claims in her second special defense that in the event she is obliged to pay any damages to the plaintiffs, she should be entitled to a credit for the $90,000 that the plaintiffs received from the other defendants, the two attorneys, on a theory of apportionment.[3]
The essence of the defendant's claim is that the 1978 deed signed by her husband, Richard A. Altsheler, trustee, deeding 19 Vailview Road to the plaintiffs, is invalid because it only contained the signature of her husband, whereas the trust had another, a second trustee, Marilyn M. Altsheler, the defendant's sister in law. This second trustee did not sign the deed to the plaintiffs, although she was a witness to the execution thereof by her brother, Richard. The defendant herself was also at the closing and knew that the Verspycks had paid $245,000 to her husband as consideration for the sale of the subject premises.
The plaintiffs rely on General Statutes § 52-568 which authorizes enhanced damages in the case of a law suit brought without probable cause and/or with malice.[4] Therefore, the issues in this case are, first, whether the plaintiffs proved their claim of vexatious litigation against the defendant, either because she brought the federal law suit against the Verspycks, the plaintiffs in this present action, without probable cause, or alternatively, not only without probable cause, but also with malice and intent to vex the plaintiffs. Second, if the answer is yes, did the defendant prove her special defense that she relied in good faith on the advice of counsel in bringing and prosecuting this suit against the Verspycks.
The Appellate Court recently considered the question of vexatious litigation in Shea v. Chase Manhattan Bank N.A., 64 Conn. App. 624,781 A.2d 352 (2001). The court held that the cause of action for vexatious litigation required the plaintiff to show: (1) the prior litigation was commenced by the defendant; (2) the prior litigation ended in the plaintiffs favor; and (3) the defendant did not have probable cause for the prior litigation. Id., 628. In this present action, the first and second prongs of the test are conceded.
The key issue in an action grounded in vexatious litigation is whether the action was brought without probable cause. Probable cause is the knowledge of facts sufficient to justify a reasonable person in the belief that there are reasonable grounds for prosecuting an action. NorseSystems, Inc. v. Tingley Systems, Inc., 49 Conn. App. 582, 594,715 A.2d 807 (1998). Whether the defendant had probable cause when she instituted the original civil proceedings against the plaintiffs in the federal court necessarily involves a determination of her knowledge or lack of knowledge of certain facts at that time along with a CT Page 16207 determination as to whether she held a reasonable, good faith belief in the validity of her claims. Pepe v. Perrotti, Superior Court, judicial district of New Haven at New Haven, Docket No. 307426 (June 21, 1993,Thompson, J.).
Probable cause "is a bona fide belief in the existence of the facts essential under the law for the action and such as would warrant a man of ordinary caution, prudence and judgment, under the circumstances, in entertaining it." Wall v. Toomey, 52 Conn. 35, 36-37 (1884); Morgillo v.Loeb, Superior Court, judicial district of New Haven at New Haven, Docket No. CV 95-0371591S (December 4, 1996, Corradino, J.).
"For the purposes of a vexatious suit action, the legal idea of probable cause is a bona fide belief in the existence of the facts essential under the law for the action and such as would warrant a man of ordinary caution, prudence and judgment, under the circumstances, in entertaining it. . . . Thus, in the context of a vexatious suit action, the defendant lacks probable cause if he lacks a reasonable, good faith belief in the facts alleged and the validity of the claim asserted." (Citations omitted; internal quotation marks omitted.) DeLaurentis v. NewHaven, 220 Conn. 225, 256, 597 A.2d 807 (1991).
Within the context of vexatious litigation, malice may be inferred from the prosecution of a civil action without probable cause. Brodrib v.Doherstein, 107 Conn. 294, 295-96, 140 A.2d 483 (1928). Similarly, the element of malice raises questions of improper or unjustifiable motive. See Haxhi v. Moss, 25 Conn. App. 16, 19, 591 A.2d 1275 (1991). of course, the element of malice inexorably implicates questions of subjective intent, feelings and reactions. United Oil Co. v. UrbanRedevelopment Commission, 158 Conn. 364, 376, 260 A.2d 596 (1969).
In Shea v. Chase Manhattan Bank N.A., supra, 64Conn. App. 630, the court held that the defendant had probable cause to start a law suit because it acted on the "advice of counsel." Both in-house counsel and a Hartford law firm representing the defendant had analyzed the facts and advised the defendant that it had a cause of action. "[T]his advice was given after the attorneys' close review of all the facts within Chase's knowledge or those with which it was charged with knowing." Id. The court noted with approval the trial court's summary of the attorney's review of the facts when it said "Both counsel had full knowledge of all the facts of this case. All counsel specifically advised Chase that it file a civil fraud action against Shea. The attorneys had the full cooperation [of] all the knowledgeable employees of Chase. They had all of Chase's documentation. Counsel was able to obtain information unknown to Chase from other suppliers and other lending institutions. It was reasonable CT Page 16208 for Chase to rely on advice from both in-house and outside counsel in this matter." Id.
"Advice of counsel is a complete defense to an action of . . . vexatious suit when it is shown that the defendant . . . instituted his civil action relying in good faith on such advice, given after a full and fair statement of all facts within his knowledge, or which he was charged with knowing. The fact that the attorney's advice was unsound or erroneous will not affect the result." Vandersluis v. Weil, 176 Conn. 353,361, 407 A.2d 982 (1978); Mulligan v. Rioux, 229 Conn. 716, 748,643 A.2d 1226 (1984). The defendant has the burden of proof as to this special defense. DeLaurentis v. New Haven, supra, 220 Conn. 269.
In Spear v. Summit Medical Center, judicial district of Hartford/New Britain at Hartford, Docket No. CV 92-0525939 (June 17, 1996, Sheldon,J.), five considerations for use of the defense of advise of counsel in a vexatious litigation suit were set forth. (1) the defendant must actually have consulted with legal counsel about his decision to institute a civil action; (2) the consultation with legal counsel must be based on a full and fair disclosure by the defendant of all the facts he knew or was charged with knowing concerning the basis for his contemplated complaint; (3) the lawyer to whom the defendant turns for advice must be one from whom the defendant can reasonably expect to receive an accurate impartial opinion as to the validity of his claim; (4) the defendant actually did rely on the advice of counsel in commencing the litigation; and (5) the defendant's reliance on counsel's advice was made in good faith.
The first issue is whether the defendant had probable cause to bring a law suit against the Verspycks in July, 1987, in the federal court in which she attempted to obtain title to 19 Valeview Road, which had already been sold by the plaintiffs in this action, the Verspycks, to the Wheelers. The conclusion of this court is no, she did not have probable cause for several reasons. The first is that the plaintiffs had been living in the house for 19 years without any challenge by anyone to their ownership during all those years.[5] Second, the deed from the defendant's mother-in-law was to her son Richard only, from whom the Verspycks took title, and did not include the other trustee, Marilyn M. Altsheler, Third, there was good reason that Marilyn M. was not mentioned since she had resigned as trustee by a written instrument dated November 2, 1960. This document was in the files of the Wilton law firm, Perry McKendry, who represented the Altshelers at all relevant times, and was received by the defendant's attorney in September, 1997, just two months after the federal suit was begun. This law firm had represented Mr. and Mrs. Altsheler when the trust was established in 1955, and they CT Page 16209 prepared the deed from Eleanor Altsheler to her son Richard alone, not to her daughter, Marilyn M. Altsheler.
The resignation of Marilyn M. was right in their file, and the defendant, if she had exercised "ordinary caution, prudence and judgment;" Wall v. Wall, supra, 52 Conn. 37; could have checked with this law firm and would have discovered that her sister-in-law had long since resigned as co-trustee, and therefore her signature obviously did not have to be on the deed to the Verspycks in 1978. Yet the defendant did not make any such investigation or exercise any such diligence by contacting Attorney McKendry, who prepared the 1978 deed to the Verspycks, again without including any mention of Marilyn M. Altsheler, and who also represented the seller, the trust, at the closing. Despite the knowledge gained in September, 1997 that her sister-in-law had resigned as trustee, the defendant nevertheless continued to prosecute her case against the Verspycks, including an appeal to the Circuit Court of Appeals that went on into the summer of 1998. Thus, the plaintiffs have sustained their burden of proof on the lack of probable cause, the third element of a successful vexatious suit.
As noted previously, the defendant filed a special defense of reliance on the advice of counsel, attorneys Franco and Scaccia. It is recognized that a litigant such as the defendant is entitled to rely on an attorney's advice even if it is "unsound and erroneous." Norse Systemsv. Tingley Systems, Inc., supra, 49 Conn. App. 596. It was brought out that the defendant's counsel, for example, was unaware of General Statutes § 47-20, which provides that the use of the word "trustee" in a deed of real estate, as in "Richard A. Altsheler, trustee," does not affect or limit the right of that person, Mr. Altsheler in this case, to sell such real estate. The statute also provides that: "No person [i.e., the Verspycks] to whom such real estate . . . has been transferred . . . by such grantee is liable for the claim of any undisclosed beneficiary or principal or for the application of any money which may have been paid by such person therefor."[6] That statute undercuts the whole basis for the federal law suit. The district court judge referred specifically to this statute in ruling that the Verspycks were not liable to Marilyn Altsheler, the plaintiff in the federal suit. ("Because Richard A. Altsheler, Trustee therefore had the legal authority to sell the property to the Verspycks, the Verspycks' title was valid.")
Additionally, article six of the 1955 trust states that no person dealing with the trust "shall be bound to see to the application or distribution of cash or other property received by the trustees, or inquire into the authority for or the propriety of any action by the trustees." The defendant agrees that: "Because Mr. Franco was unaware of CT Page 16210 § 47-20 and the Verspycks had sold the property before the suit was filed, Mr. Franco's advice that Mrs. Altsheler could assert a claim against the property and against the Verspycks was unsound and erroneous."
Moreover, the claim in the federal court was that the 1978 deed to the Verspycks was void and the property belonged to the defendant in this case because Marilyn M. did not sign that deed. It has been pointed out that Marilyn M. resigned as co-trustee in 1960, a fact which was readily ascertainable by contacting the lawyers who created the trust in 1955 for Mr. and Mrs. Altsheler. Furthermore the Verspycks had already sold their home to the Wheelers when the federal law suit was initiated, and the district judge recognized that an action to quiet title only lies against one in possession.
To prevail on the special defense of reliance on counsel, a person such as the defendant must make a full and fair statement of all the facts that are within her knowledge or which she "was charged with knowing."Vandersluis v. Weil, supra, 176 Conn. 361. The defendant, who was the successor trustee to the 1955 trust established by her in laws for the benefit of their children Richard A. and Marilyn — M., and who was also named successor executrix to the estate of Eleanor A. Altsheler, is charged with knowing that her sister-in-law had resigned as trustee some 37 years before she brought a suit based on the erroneous premise that Marilyn M. was still a trustee in 1978 when her late husband deeded the property to the plaintiffs in this present action. The defendant gave a copy of the trust and a copy of the 1978 deed to her attorney but never disclosed that Marilyn M. was no longer a trustee, a fact that was readily ascertainable by a telephone call to the lawyers who created the trust.[7]
The defendant also failed to advise her lawyers regarding the friendly relationship between Richard, her husband, and his sister, Marilyn M. Altsheler, on the one hand, and the Verspycks, on the other, and that Marilyn M. never complained that she had not signed the 1978 deed to the Verspycks as co-trustee. Thus, the defendant has not sustained her burden of proof as to her special defense of reliance on counsel.
The plaintiffs are entitled to recover monetary damages from this unwarranted law suit filed against them by the defendant, which consists of approximately $71,000 in legal fees incurred in resisting the defendant's claims against them in the federal proceedings. This amount should be doubled pursuant to General Statutes § 52-568 (1) because the defendant did not have "probable cause" to commence and to continue to process her suit, which amounts to a total of $142,000. The plaintiffs CT Page 16211 did not prove that the defendant "acted with malicious intent to vex and trouble them" and hence are not entitled to treble damages.[8]
Therefore, judgment enters in favor of the plaintiffs for $142,000, plus costs and Practice Book § 18-5.[9]
So Ordered.
Dated at Stamford, Connecticut, this 20th day of December. 2002.
 ___________________ William B. Lewis, Judge (T.R.)